**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____
                                        :
KAREN TAYLOR                            :
7202 Donnell Place                      :
Forestville, MD   20747                 :
                                        :
        Plaintiff,                      :      Civil Case No. 06-cv-01073-HHK
                                        :
v.                                      :
                                        :
HON. CONDOLEEZA RICE,                   :
Secretary of State                      :
in her official capacity                :
United States Department of State       :
2201 C Street, NW                       :
Washington, DC 20520                    :
                                        :
        Defendant.                      :
_____     :

**REPORT OF LOCAL RULE 16.3 CONFERENCE**

        Pursuant to the rules of this Court, counsel in the above-styled matter submit this report

regarding the issues discussed at their LCvR 16.3 Conference.  A proposed Scheduling Order

incorporating the parties' report is attached.

        I.       STATEMENT OF THE CASE

        Plaintiff is employed by Defendant.  Plaintiff alleges that she engaged in protected

conduct by filing a discrimination complaint against her immediate supervisors, the supervisors

knew of her filing a complaint of discrimination against them and Plaintiff suffered adverse

employment actions from the supervisors. Plaintiff applied for GS-14 Supervisory Positions but

despite being qualified for the positions, the positions were filed by white persons.

        Defendant denies Plaintiff's claim of discrimination and retaliation.  Defendant states that

Plaintiff, an African-American, was not the most qualified for the two positions that she sought. Specifically, in 2004, Plaintiff applied and was considered for two vacant GS-14 supervisory positions heading (1) the Allotment Accounting Division; and (2) Post Allotment Accounting Division. Eight candidates (including Plaintiff) were interviewed for these two positions. Plaintiff was not the most qualified candidate and therefore was not selected. The two selectees for these two positions are both Caucasians.

Defendant states that Plaintiff fails to establish a prima facie case for retaliation because she did not suffer any material adverse employment action.

II.    RULE 16.3 REPORT

1.    Status of Dispositive Motions:  Plaintiff does not believe that this action may be resolved by dispositive motion following discovery.  Defendant believes that this action may be dismissed through a Motion for Summary Judgment following discovery.

2.    Amended Pleadings:  Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings.  Defendant does not intend to amend any pleading.

3.    Assignment to Magistrate Judge: The parties do not consent to assignment of a magistrate judge for trial.

4.    Settlement Possibility:  Plaintiff believes that mediation may prove fruitful in this matter.  At this time, Defendant does not believe that formal mediation is productive; however, Defendant is amenable to re-visit the issue after the close of discovery.  Defendant, however, remains open to informal settlement discussions.

5.    Alternative Dispute Procedures:  Plaintiff believes that alternative dispute resolution in the form of mediation may prove fruitful in this matter.  Plaintiff does not seek a neutral evaluation of his claims at this time.  Defendant does not believe that alternative dispute

resolution is appropriate at this time.

6.    Dispositive Motions:  The parties believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7.    Initial Disclosures:  The parties agree that they should provide initial disclosures as required by Fed. R. Civ. P. 26(a)(1), 14 days after the Initial Status Conference.

8.    Discovery.  The parties request 180 days from the date of the Initial Status Conference to complete discovery.  The Plaintiff believes the parties should limit the number of interrogatories to 30 per side.  The Defendant believes the parties should limit the number of interrogatories to 25 per side.  The parties agree to limit the number of depositions to 10 per side.

9.    Experts: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name his experts and provide the Expert Report(s) within sixty (60) days following the initial scheduling conference and believes the Defendant should name its experts and provide the Expert Report(s) within thirty (30) days thereafter.

10.    Class Action Procedures:  Not applicable.

11.    Bifurcation of Discovery or Trial:  The parties do not believe that bifurcation of this matter is necessary.

12.    Proposed Date for the Pretrial Conference: The parties believe that a pretrial conference should be scheduled at the initial scheduling conference.

13.    Trial Date: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

The parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR

16.3(c) were addressed.


Dated: 29, 2007.                           Respectfully submitted,


_____
Jimmy A. Bell, Esq. (Bar No. MD 14639)
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
(301) 599-7620
(301) 599-7623 (Fax)
jimbellesq@aol.com


   /s/  Jeffrey A. Taylor
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

———————————————————————

:

KAREN TAYLOR : 
7202 Donnell Place : 
Forestville, MD   20747 : 
: 
      Plaintiff, :     Civil Case No. 06-cv-01073-HHK
: 
v. : 
: 
HON. CONDOLEEZA RICE, : 
Secretary of State : 
in her official capacity : 
United States Department of State : 
2201 C Street, NW : 
Washington, DC 20520 : 
: 
      Defendant. : 

——————————————————————— :

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire

record herein, it this _____ day of _____, 2007, hereby

ORDERED that the parties shall be allowed a discovery period of 180 days from the date

of the Initial Scheduling Conference in this matter, and it is further;

ORDERED that the parties shall exchange Initial Disclosures 14 days from the date of

the Initial Scheduling Conference;

ORDERED that any dispositive motions shall be filed no later than 60 days after the

close of discovery, any opposition thereto shall be filed no later than 45 days following the filing

of the dispositive motion; and any reply shall be filed no later than 30 days following the filing

of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R.

Civ. P. 26(a)(2), as modified.  Plaintiff will name experts and provide their reports within 60 days of the initial scheduling order.  The Defendant will name experts and provide their reports 30 days thereafter.


Date_____          _____

                                               United States District Judge