UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN TAYLOR, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No: 06-cv-1073 (HHK) |
| | ) |
| CONDOLEEZA RICE, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

### SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL

THIS SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL (hereinafter the "Agreement") is made and entered into by and between Plaintiff Karen Taylor (hereinafter the "Plaintiff") and the U.S. Department of State (hereinafter the "Agency").

### BACKGROUND

Plaintiff was employed at the U.S. Department of State (Agency) and has brought Civil Action 06-cv-1073 (HHK) against the Agency for allegedly violating Title VII of the Civil Rights Act, 42 U.S.C.§§ 2000e, *et seq.* The Agency has denied the allegations made by the Plaintiff. The purpose of this Agreement is to settle the above-captioned action and sets forth the parties' respective rights and obligations.

### AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the following mutual promises, covenants and undertakings, the parties agree as follows:

1

1. <u>Monetary and Other Consideration</u>.

The Agency will pay to Plaintiff a total sum of Eight Thousand Dollars ($8,000.00), which is understood and agreed to represent full payment in full satisfaction of all of Plaintiff's claims in the instant Complaint, including any other damages available to Plaintiff under her civil action or administrative claim, and attorney fees and costs. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury. Agency's counsel shall promptly prepare and submit all required documentation to the Department of the Treasury for processing of the payments within ten (10) business days of the Court's execution of this Agreement. Plaintiff bears the responsibility of any tax burden in connection to any monetary payment.

2. <u>Covenants and Breach</u>. In consideration of the foregoing, Plaintiff covenants, promises and agrees as follows:

    a. <u>Dismissal of lawsuits</u>. The parties agree that this is a global settlement of the instant Complaint. Execution of this Agreement by Plaintiff, Plaintiff's counsel and counsel for the Agency shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. The Plaintiff further agrees that this Agreement automatically operates as the withdrawal, with prejudice, and release of any and all other pending EEO formal and informal complaints, grievances, requests for investigation, requests for Congressional inquiries, claims under other administrative procedures, appeals, or

lawsuits against the Agency, or any of its current or former employees, that are or may be based upon the facts of her employment with the Agency.

      b.    <u>Covenant Not To Sue</u>. Plaintiff covenants and agrees that she will not now or in the future bring any suit or administrative proceeding against the Agency with respect to any matter covered, or that could be covered, by the instant Complaint, other than an action to enforce Plaintiff's rights under this Agreement.

      3.    <u>General Release and Waiver by Plaintiff</u>. Plaintiff, for herself and her heirs, executors, administrators, successors and assigns, hereby releases and forever discharges The Agency, and its successors, assigns, agents, representatives and employees, past or present, from any and all claims and demands of any kind set forth in or related to the instant Complaint, including, but not limited to:

      a.    all claims arising out of, related to or connected in any way with The Agency's alleged discrimination and retaliation against Plaintiff (but not including any claim for payment pursuant to or for breach of this Agreement);

      b.    all claims of race, color, sex, age, disability, religion, national origin, political affiliation, marital status, personal appearance, sexual orientation, matriculation, family responsibilities or other types of discrimination or retaliation up to the date of the execution of this Agreement.

This Agreement does not waive or release any claims which may arise after the date that

Plaintiff signs this Agreement.

4.  **No Admission of Liability.** Execution of this Agreement shall not constitute a finding by the Court or an admission by the Agency that it violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever. The Agency denies that any of its agents, servants, or employees violated any laws or regulations as alleged in the instant Complaint, or that there was any wrongful conduct whatsoever.

5.  **Knowing and Voluntary Waiver of Rights and Claims.** By executing this Agreement, Plaintiff represents that she has read this Agreement; that she has had the opportunity to consult the advisor of her choice prior to signing this Agreement; and that she executes this Agreement freely, knowingly, and voluntarily without threat, duress, coercion, or promise of any future consideration.

6.  **Governing Law.** The Court shall retain jurisdiction to enforce the terms of this Agreement.

7.  **Entire Agreement.** The parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil action and the claims raised therein. By executing this Agreement, the parties further acknowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims related to the instant Complaint that have been brought or could have been advanced on behalf of Plaintiff against the Agency; and that the terms of this Agreement will not establish any precedent, nor

will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

8. Severability

Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability of any other provisions of this Agreement.

Dated: 3/18/08

Karen Taylor, Plaintiff

Date: 3-18-08

Jimmy A. Bell, Esq. (Bar No. MD 14639)
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
jimbellesq@aol.com

Attorney for Plaintiff

Dated: _____

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR 434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney

-5-

will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

    8.    <u>Severability</u>

Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability of any other provisions of this Agreement.

Dated: _____

                                        Karen Taylor, Plaintiff

Date: _____

                                Jimmy A. Bell, Esq. (Bar No. MD 14639)
                                Law Office of Jimmy A. Bell, P.C.
                                9610 Marlboro Pike
                                Upper Marlboro, MD 20772
                                (301) 599-7620
                                (301) 599-7623 (Fax)
                                jimbellesq@aol.com

                                Attorney for Plaintiff

Dated: March 24, 2008

                                /s/ Jeffrey A. Taylor
                                JEFFREY A. TAYLOR, D.C. BAR #498610
                                United States Attorney

                                /s/ Rudolph Contreras
                                RUDOLPH CONTRERAS, D.C. BAR 434122
                                Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Dated: 3/18/08

Paul Veidenheimer
OF COUNSEL

Attorneys for the Agency/Defendant

SO ORDERED, on this _____ day of _____, 2008.

_____
Judge Henry H. Kennedy

-6-

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Dated:

/s/
Paul Veidenheimer
OF COUNSEL

Attorneys for the Agency/Defendant

SO ORDERED, on this _____ day of _____, 2008.

_____
Judge Henry H. Kennedy